**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| HATCHWORKS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| SPRING HILLS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff HatchWorks Technologies, Inc. ("HatchWorks") hereby files this Complaint against Defendant Spring Hills, LLC ("Spring Hills" or "Defendant"), respectfully showing this Court as follows:

## **INTRODUCTION**

1.     This is a breach of contract action for certain monies owed under that certain Software Development Agreement dated January 15, 2020 between HatchWorks and Spring Hills, a true and correct copy of which is attached hereto as **Exhibit A** (the "Agreement"), and the Statements of Work ("SOW") entered pursuant to the Agreement.  Spring Hill's payment obligations are generally set forth in Section 6.1 of the Agreement and the respective SOW's.

2.     Presently, Spring Hills is past due on invoices relating to the SOW's and the Agreement from August 2021 to May 2022.  A true and correct copy of HatchWorks's aged accounts receivable for Spring Hills as of April 28, 2022 is attached hereto as **Exhibit B**. The amount at issue is $561,324.11, exclusive of pre- and post-judgment interest, attorneys' fees, and costs.

3.     HatchWorks fully performed under the SOW's and the Agreement, and Spring Hills's failure to pay is unjustified.  Therefore, HatchWorks brings this action to recover the amounts owed, as well as reimbursement of its costs and attorneys' fees as permitted by the Agreement.

## PARTIES, JURISDICTION, AND VENUE

4.     HatchWorks is a Delaware corporation engaged in the business of developing, programing, and debugging software, as well as providing related consulting and other professional services.  HatchWorks maintains its principal place of business at 5256 Peachtree Road, Ste 120, Atlanta, Georgia 30341. HatchWorks is authorized to do business in the State of Georgia.  Its registered agent is Brandon Powell, who maintains HatchWorks's registered office at 550 North Highland Ave NE, Unit 11, Atlanta, Georgia 30307.

5. Spring Hills is a limited liability company organized and existing under the laws of the State of New Jersey. It maintains its principal place of business at 515 Plainfield Avenue Suite 200 Edison, NJ 08817 United States. None of Spring Hills's members are residents of the State of Georgia. Spring Hills primarily operates long-term care facilities.

6. This Court has personal jurisdiction over Spring Hills because: (a) Spring Hills regularly transacts business in the State of Georgia; (b) the instant dispute involves contracts to be performed in the State of Georgia with a Georgia resident; and (c) because subjecting Spring Hills to the jurisdiction of this Court will not offend fairness or due process.

7. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this Court because: (a) all or most of the operative facts relating to this dispute have occurred in this district; (b) this matter involves a contract to be performed in this district; (c) Spring Hills solicited HatchWorks's business by contacting HatchWorks through its Atlanta office and calling and emailing HatchWorks's Founder and Chief Executive Officer, Brandon Powell, at

his office in Fulton County, Georgia throughout the course of their dealings; (d) HatchWorks provided the services contracted for by Spring Hills in Atlanta, Fulton County, Georgia;[1] and (e) because the harm caused to Plaintiff occurred in this district.

## FACTS

### A. The Agreement

9.     The Parties entered the Agreement with an effective date of January 15, 2020.  The Agreement provides that HatchWorks would develop certain software and provide related services for Spring Hill.  The Agreement set forth the Parties' obligations in Sections 2 ("Development and Implementation") and 6 ("Fees and Expenses").

10.     The purpose of the Agreement was for HatchWorks to design patient health management system software ("PHM Software") for Spring Hills.  As part of the Software Development Agreement, the parties entered into the following Statements of Work:

1. SOW No. 3 – Spring Hills PHM Hatch as a Service (HaaS) Team executed September 7, 2020, a true and correct copy of which is attached hereto as **Exhibit C** ("SOW No. 3").  Under this SOW, HatchWorks was to expand the PHM system it had previously created.  This user-friendly solution allows care coordinators to

---

[1] *See infra* Exs. C, E, & F, at ¶ 4.B, respectively.

manage patients both clinically and financially while also leveraging external data sources and care support products. *See* Ex. C at p. 1. Its payment obligations are set forth in Section 9 – "Project Fees";

2. SOW No. 4 – Spring Hills PHM Works as a Service (WaaS) Team executed September 7, 2020, a true and correct copy of which is attached hereto as **Exhibit D** ("SOW No. 4"). SOW No. 4 is the hosting/platform management and support SOW that governs the monthly activity to keep the PHM system up and running in a production environment which is used for daily business operation. *See* Ex. D at p. 1. Its payment obligations are set forth in Section 18 – "Service Fees";

3. SOW No. 5 – Spring Hills PHM Reporting Support executed April 5, 2021, a true and correct copy of which is attached hereto as **Exhibit E** ("SOW No. 5"). This SOW provides a Data Engineer to add additional reporting to the PHM system. *See* Ex. E at p. 1. Its payment obligations are set forth in Section 9 – "Project Fees"; and

4. SOW No. 6 – Spring Hills PHM Hatch as a Service (HaaS) Team Expansion executed May 19, 2021 a true and correct copy of which is attached hereto as **Exhibit F** ("SOW No. 6"). This SOW expands the HaaS development team, including with technical and product resources to support increased team velocity. *See* Ex. F at p. 1. Its payment obligations are set forth in Section 9 – "Project Fees."

11.    Each SOW is incorporated by reference into the Agreement. *See* Agreement § 2.1(c).

12.    After executing each SOW, HatchWorks was to "develop the Software and prepare the Deliverables for the benefit of Client," Spring Hills. *Id.* at § 2.1(b)

& (d).  In exchange for HatchWorks developing and implementing the Software under the SOW's and Section 2 of the Agreement Spring Hill was to pay "the fees in the amounts and on the schedule set forth in the Statement of Work."  *Id*. at § 6.1. Interest on delinquent amounts accrued at the rate of one- and one-half percent (1.5%) per month that a payment was more than 15 days overdue.  *Id*.

**B. HatchWorks's Development and Implementation of the Software and Spring Hills's Failure to Pay**

13.     HatchWorks fully performed its development and implementation obligations under the SOW's and the Agreement and invoiced Spring Hills monthly in the normal course of business.  Payments were due two months from the issue date. However, Spring Hill did not pay the invoices on time.

14.     Counsel for HatchWorks wrote Spring Hills on September 27, 2021 regarding Spring Hills's breach of its payment obligations for the past due invoices. As of the date of that writing, the amount owed for past due invoices was $509,029.07, including interest.

**C. Spring Hill's Payment Plan and SOW No. 8**

15.     Following its September 27, 2021 letter, HatchWorks and Spring Hills reached an agreement whereby Spring Hills proposed it would make $100,000.00 payments twice a month until the then-due balances were satisfied.

16.    In the interest of cooperation and in recognition of Spring Hills's payment commitments, HatchWorks also entered into SOW No. 8 - Spring Hills PHM Works as a Service (WaaS) Agreement 2021-2022 ("SOW No. 8") executed on November 30, 2021 for the provision of hosting services for a three month period ending February 28, 2022.  A true and correct copy of SOW No. 8 is attached hereto as **Exhibit G**.

17.    Spring Hill began making payments and gradually reduced its arrearage.

**D. Spring Hill Defaults on its Payment Plan**

18.    By January 2022, however, Spring Hills was $200,000.00 in arrears of on its payment plan with another $100,000.00 due on January 31, 2022.

19.    On January 26, 2022, counsel for HatchWorks sent Spring Hills another letter demanding Spring Hills immediately become current on its payment plan obligations.

20.    However, Spring Hills never became current with its payment plan.

**E. Spring Hill Defaults on SOW No. 8**

21.    Spring Hills failed to pay the $27,000.00 monthly service fee for SOW No. 8 due on February 14, 2022. *See* Ex. G at § 18.

22.     HatchWorks wrote Spring Hills yet again on February 22, 2022 and demanded payment in full of all amounts due and owing within seven days.  Again, Spring Hill failed to pay.

23.     After incurring monthly service charges for March, 2022, Spring Hill's outstanding balance was $561,324.11.  *See* Ex. B.

24.     HatchWorks is entitled to all remedies available at law and under the SOW's and the Agreement, including compensatory damages, attorneys' fees and costs under Section 9.12 of the Agreement, and pre- and post-judgment interest according to law.[2]

## COUNT ONE
## BREACH OF CONTRACT

25.     HatchWorks incorporates by reference each and every allegation of this Complaint as if fully set forth herein.

26.     All conditions precedent to bringing this action have been satisfied or waived.

27.     HatchWorks invoiced Spring Hills for each month's payment in the normal course of business.

---

[2] The Agreement is governed by New Jersey law. *See* Agreement § 9.11.

28.     HatchWorks fully performed its obligations to develop and implement software under the SOW's and the Agreement.

29.     The amount owed for HatchWorks's services is $561,324.11.  *See* Ex. B.

30.     Spring Hills was legally obligated under the SOW's and the Agreement to pay this amount.

31.     Spring Hills has failed to pay HatchWorks the amounts owed.

32.     The Parties agreed to a payment plan wherein Spring Hills would pay $100,000.00 twice a month until the past-due balance was paid off.

33.     Spring Hills defaulted on its payment plan and never paid the balance off.

34.     Therefore, Spring Hills breached the SOW's and the Agreement by failing to pay the $561,324.11 for services rendered.

35.     Spring Hills's breach caused HatchWorks harm by failing to compensate it for services rendered.

36.     Therefore, HatchWorks is entitled to recover at least $561,324.11 in damages flowing from Spring Hills's breaches.

<u>**COUNT TWO**</u>
<u>**ATTORNEYS' FEES UNDER AGREEMENT § 9.12**</u>

37.    HatchWorks incorporates by reference each and every allegation of this Complaint as if fully set forth herein.

38.    New Jersey law allows courts to award attorneys' fees and costs when a contractual provision authorizes the award, and the Plaintiff prevails.  *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC,* No. 11–896, 2012 WL 924385, at *7 (D.N.J. March 19, 2012) (finding that "Attorneys' fees clauses are enforceable in New Jersey" and awarding attorneys' fees and costs based on provision in franchise agreement); *see Jackson Hewitt, Inc. v. Barnes Enterprises,* No. 10–05108, 2012 WL 1600572, at *3 (D.N.J. May 7, 2012) (awarding attorneys' fees and costs where franchise agreement made clear that plaintiff was entitled to such award).

39.    Agreement Section 9.12. <u>Recovery of Litigation Costs</u>. provides: "If any legal action or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party or parties are entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled." *See* Agreement § 9.12.

40.     HatchWorks's claim arises out Spring Hill's "breach . . . and default in connection with" Section 6.1 "of th[e] Agreement" and its incorporated SOW's. *See id*.

41.     HatchWorks will prevail on its claim because Spring Hills is in clear breach of contract for the reasons described above.

42.     Therefore, HatchWorks is entitled to an award of attorneys' fees and costs under Agreement § 9.12 in an amount to be proven at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, HatchWorks respectfully requests the following:

(a)     That Plaintiff be awarded damages in the amount of $561,324.11;

(b)     That Plaintiff be awarded its costs and expenses incurred in pursuing this action, as well as all reasonable attorneys' fees incurred therewith;

(c)     That Plaintiff be awarded prejudgment interest and post-judgment interest according to law;

(d)     Pursuant to Fed. R. Civ. P. 38, HatchWorks demands a jury trial on all issues so triable; and

(e)     For any further or additional relief that justice requires.

Respectfully submitted this 23rd day of August 2022.

> **BAKER, DONELSON, BEARMAN,**
> **CALDWELL & BERKOWITZ, PC**
>
> */s/ L. Clint Crosby*
> L. Clint Crosby
> Georgia Bar No. 197877
> Tyler P. Bishop
> Georgia Bar No. 566705
> Suite 1500, Monarch Plaza
> 3414 Peachtree Rd. NE
> Atlanta, Georgia 30326
> 404.577.6000 (Telephone)
> 404.221.6501 (Facsimile)
> ccrosby@bakerdonelson.com
> tbishop@bakerdonelson.com
>
> *Counsel for Plaintiff*