**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HATCHWORKS TECHNOLOGIES, INC., <br>    Plaintiff, <br>                       v. <br> SPRING HILLS, LLC, <br>    Defendant. | Civil Action No. <br> 1:22-cv-03390-SDG |

**OPINION AND ORDER TO SHOW CAUSE**

This matter is before the Court on Plaintiff HatchWorks Technologies, Inc.'s Motion for Entry of Default Judgment [ECF 9] against Defendant Spring Hills, LLC. After careful review of the record, the Motion is **GRANTED**. HatchWorks is entitled to judgment as to liability on its claims against Spring Hills, including $561,324.11 in contract damages and $171,442.53 in pre-judgment interest. Spring Hills is **ORDERED** to **SHOW CAUSE** no later than October 30, 2023 why the Court should not also award HatchWorks $10,789.91 in attorneys' fees and $493.25 in expenses.

**I.    BACKGROUND**

The following well-pleaded allegations are deemed admitted by virtue of Spring Hills' default. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–78 (11th Cir. 2005) (citations omitted). HatchWorks is a Delaware corporation and

maintains its principal place of business in Atlanta, Georgia.[1] HatchWorks' business centers around developing software and providing other related services.[2] Spring Hills is a limited liability company organized under New Jersey law; its sole member is a citizen of New Jersey.[3]

On January 15, 2020, HatchWorks and Spring Hills entered into an agreement whereby HatchWorks agreed to develop software and provide certain services to Spring Hills in exchange for payments from Spring Hills.[4] Pursuant to the parties' agreement (the Agreement), HatchWorks and Spring Hills entered into numerous statements of works (SOWs) outlining the services HatchWorks was to provide and detailing how Spring Hills was to pay.[5] HatchWorks fully performed under the Agreement and SOWs.[6] Despite HatchWorks' performance, Spring Hills failed to render full payment.[7]

On August 23, 2022, HatchWorks initiated this action, asserting claims for breach of contract, attorneys' fees, and pre- and post-judgment interest.[8] On

---

[1]   ECF 1, ¶ 4.

[2]   *Id.*

[3]   *Id.* ¶ 5; ECF 12.

[4]   ECF 1, ¶ 9.

[5]   *Id.* ¶ 10.

[6]   *Id.* ¶ 13.

[7]   *Id.*

[8]   ECF 1.

August 26, HatchWorks filed proof of service.[9] Then, on September 16, HatchWorks filed a request for a Clerk's Entry of Default, which was entered three days later.[10] On November 15, HatchWorks filed the instant Motion.[11]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, the party must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First, the clerk must enter a party's default . . . [that] party must then apply to the court for a default judgment.") (citations omitted). Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. *Beringer v. Hearshe, Kemp, LLC*, No. 1:10-cv-1399-WSD-ECS, 2011 WL 3444347, at *2 (N.D. Ga. Aug. 8, 2011) (citing *Cotton*, 402 F.3d at 1278). An entry of a default by the Clerk, however, does

---

[9] ECF 7.

[10] ECF 8; Sept. 19, 2022 D.E.

[11] ECF 9.

not automatically warrant the Court's entry of default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). Thus, when considering a motion for the entry of a default judgment, "a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Functional Prod. Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355-WSD, 2014 WL 3749213, at *3 (N.D. Ga. July 29, 2014). *See also Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Beringer*, 2011 WL 3444347, at *2 (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985)).

Notably, a defendant in default does not admit allegations concerning damages. *Frazier*, 767 F. Supp. 2d at 1365. When damages are not "for a sum certain or for a sum that can be made certain by computation," the Court may conduct a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Thus, if a plaintiff seeking a default judgment requests an uncertain and speculative damage amount, "a court has an obligation

to assure there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## III. DISCUSSION

To procure a default judgment, HatchWorks must have properly served Spring Hills; it did. HatchWorks effected service on Spring Hills' registered agent on August 25, 2022.[12] Spring Hills therefore had until September 15, 2022 to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Spring Hills has not appeared in this action in any form; thus, HatchWorks correctly pursued and obtained a clerk's entry of default, and the Court must now address whether HatchWorks is entitled to a default judgment on both liability and damages.

### A. Applicable Law

Prior to addressing HatchWorks' claims, the Court must determine what law governs. HatchWorks' claims are properly before the Court based on diversity jurisdiction. 28 U.S.C. § 1332. "In diversity cases, the choice-of-law rules of the forum state determine what law governs." *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). According to Georgia law, contractual choice-of-law provisions will be enforced unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of this state." *Nat'l Freight, Inc. v. Consol. Container Co.*, 166 F. Supp. 3d 1320, 1326

---

[12] ECF 7.

(N.D. Ga. 2015) (quoting *CS-Lakeview at Gwinnett, Inc. v. Simon Prop., Inc.*, 283 Ga. 426, 428 (2008)). Section 9.11 of the Agreement states that New Jersey law governs all matters arising out of or relating to the Agreement.[13] Therefore, New Jersey substantive law governs most of the remaining parts of the Court's analysis.

### B.  Count One: Breach of Contract

#### 1.  Spring Hills Breached the Agreement and SOWs.

The elements of a breach of contract claim under New Jersey law are (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing from the breach; and (4) that the party stating the claim performed its own contractual obligations. *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016). These elements are substantially similar to breach of contract under Georgia law and the Court finds nothing in New Jersey law in this regard that would violate Georgia's public policy.[14]

"A party violates the terms of a contract by failing to fulfill a requirement enumerated in the agreement." *Woytas v. Greenwood Tree Experts, Inc.*, 206 A.3d 386, 392 (N.J. 2019). And, if "during the course of performance one party fails to perform 'essential obligations under the contract,' he may be considered to have

---

[13]  ECF 1-1, at 14.

[14]  In Georgia, "[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015).

committed a material breach." *Ingrassia Const. Co. v. Vernon Tp. Bd. of Educ.*, 784 A.2d 73, 77–78 (N.J. Super. Ct. App. Div. 2001) (citations omitted).[15]

HatchWorks' well-pleaded allegations, the Agreement, and the SOWs[16] demonstrate the existence of a valid contract between HatchWorks and Spring Hills, HatchWorks' performance, and Spring Hills' material breach by failure to pay the invoices totaling $561,324.11.[17] *See Magnet Resources, Inc. v. Summit MRI, Inc.*, 723 A.2d 976, 981 (N.J. Super. Ct. App. Div. 1998) (finding defendant's "continual late payments, and at the end, its failure to pay for two or three months' service" constituted a material breach). Therefore, the Court concludes that HatchWorks is entitled to a default judgment as to liability.

### C.     Damages

HatchWorks seeks $561,324.11 in actual damages, comprised of the principal amount owed under the contract.[18] It also requests pre- and post-

---

[15] *Compare UWork.com, Inc. v. Paragon Techns., Inc.*, 321 Ga. App. 584, 590 (2013) (A contracting party breaches a contract if it "repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible.").

[16] ECF 1-1; ECF 1-3; ECF 1-4; ECF 1-5; ECF 1-6; ECF 1-7.

[17] ECF 9, at 10.

[18] ECF 9-1, ¶ 34.

judgment interest, attorneys' fees, and expenses.[19] The Court addresses each type of damage in turn.

### 1.     Actual Damages

Given the judgment against Spring Hills on liability, the Court awards HatchWorks **$561,324.11 in contract damages** as they are reasonably certain and calculable.[20]

### 2.     Pre- and Post-Judgment Interest

The Agreement provides for the imposition of both pre- and post-judgment interest in the amount of 1.5% per month (18% per annum).[21] Under New Jersey law, the award of pre-judgment interest on contract claims is "based on equitable principles." *Litton Indus., Inc. v. IMO Indus., Inc.*, 982 A.2d 420, 430 (N.J. 2009) (quoting *Cnty. of Essex v. First Union Nat'l Bank*, 891 A.2d 600, 608 (N.J. 2006)).

#### i.     Pre-Judgment

The primary consideration in the award of prejudgment interest is the plaintiff's loss of the use of the amount in question: "[T]he interest factor simply covers the value of the sum awarded for the prejudgment period during which the

---

[19]   ECF 9, at 11.

[20]   ECF 9-1, ¶¶ 24–33 & at 17–35.

[21]   ECF 1-1, at 10 (Agreement § 6.1).

defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled." *Id.* at 430–31.

Here, the Court finds nothing inequitable about awarding HatchWorks the interest to which the parties agreed in their arms'-length transaction. HatchWorks has not had access to the funds Spring Hills owes it for some time—the oldest invoice on which Spring Hills has failed to pay was dated August 31, 2021, and due on October 15, 2021.[22] Even the most recent outstanding invoice had a payment due date of May 15, 2022.[23] Accordingly, HatchWorks is entitled to the award of pre-judgment interest. Through November 11, 2022 (the last full week before HatchWorks filed its motion for default judgment), the total interest accrued was $83,416.95.[24] Since November 12, 2022, the amount accrued using the same formula is as follows:

| Invoice | Balance | Per Diem Interest Rate | Days from 11/12/22 through 9/25/23 | Prejudgment Interest |
|---|---|---|---|---|
| 2221 | $74,814.30 | $36.89 | 318 | $11,731.02 |
| 2269 | $149,283.00 | $73.62 | 318 | $23,411.16 |
| 2293 | $22,756.91 | $11.22 | 318 | $3,567.96 |
| 2323 | $57,763.00 | $28.49 | 318 | $9,059.82 |
| 2366 | $22,727.16 | $11.21 | 318 | $3,564.78 |

---

[22] ECF 9-1, at 17.
[23] *Id.* at 35.
[24] *Id.* at 12–13.

| Invoice | Balance | Per Diem Interest Rate | Days from 11/12/22 through 9/25/23 | Prejudgment Interest |
|---|---|---|---|---|
| 2385 | $57,763.00 | $28.49 | 323 | $9,059.82 |
| 2400 | $22,695.67 | $11.19 | 323 | $3,558.42 |
| 2461 | $49,730.30 | $24.52 | 323 | $7,797.36 |
| 2525 | $49,790.77 | $24.55 | 323 | $7,806.90 |
| 2660 | $54,000.00 | $26.63 | 323 | $8,468.34 |
| Total Prejudgment Interest Since November 12, 2022 | | | | $88,025.58 |

HatchWorks is thus entitled to a total of **$171,442.53 in prejudgment interest**.

  ii.  **Post-Judgment**

In diversity cases, the Court is to apply post-judgment interest as provided for in 28 U.S.C. § 1961(a). *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991). The Court of Appeals has distinguished the award of pre-judgment interest from post-judgment interest:

> There is a significant difference between pre- and post-judgment interest. . . . Post-judgment interest can hardly be considered part of an award for compensation on a claim. However, a successful claimant is theoretically entitled to receive the compensation on the date of entry of the judgment; in practice, this is not feasible, and post-judgment interest serves to reimburse the claimant for not having received the money in hand on that day. This is effectuated by the federal statute providing interest on all federal court judgments. 28 U.S.C. § 1961. This is to be distinguished from pre-judgment interest, which forms part of the actual amount of a judgment on a claim.

*Id.* (quoting *FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1533 (11th Cir. 1989)). Although HatchWorks argues that it should be awarded post-judgment interest at the contract rate of 1.5% per month, it relies only on cases from other district courts to support this point.[25] Given the Eleventh Circuit's express distinction between the justifications for pre-judgment versus post-judgment interest, this Court declines to impose the contractual interest amount as post-judgment interest. HatchWorks is entitled to the federal statutory amount provided for in 28 U.S.C. § 1961 on the entire damages award.

### 3. Attorneys' Fees

"New Jersey follows the 'American Rule,' which requires litigants to bear their own litigation costs, regardless of who prevails." *Innes v. Marzano-Lesnevich*, 136 A.3d 108, 113 (N.J. 2016). But "a prevailing party can recover those fees if they are expressly provided for by . . . contract." *Packard-Bamberger & Co. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001). The Agreement here provides just that. It states in pertinent part: "[I]f any legal action or other proceeding is brought . . . because of an alleged dispute, [or] breach, . . . the successful or prevailing party or parties are entitled to recover reasonable attorneys' fees and other costs incurred in that action

---

[25] ECF 9, at 21–22.

or proceeding. . . ."[26] The relevant questions here are (1) is HatchWorks a prevailing party and, (2) if so, what are the fees it incurred in this action?

"[T]he phrase 'prevailing party' is a legal term of art that refers to a 'party in whose favor a judgment is rendered.'" *Mason v. City of Hoboken*, 951 A.2d 1017, 1029 (N.J. 2008) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). "A plaintiff is considered a prevailing party 'when actual relief on the merits of [the] claim materially alters the relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Warrington v. Village Supermarket, Inc.*, 746 A.2d 61, 66 (N.J. Super. Ct. App. Div. 2000) (quoting *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 911 (3rd Cir. 1985)). Because HatchWorks is entitled to a default judgment against Spring Hills, the Court's resolution of the claims here will "affect[ ] the defendant's behavior towards the prevailing plaintiff." *Teeters v. Div. of Youth & Fam. Servs.*, 904 A.2d 747, 752 (N.J. Super. Ct. App. Div. 2006). HatchWorks is therefore the prevailing party.

HatchWorks seeks $10,789.91 in attorneys' fees and $493.25 in expenses incurred through September 30, 2022.[27] The Court finds the hourly rate billed by the timekeepers and the total number of hours worked to be reasonable.

---

[26] ECF 1-1, at 14 (Agreement § 9.12).

[27] ECF 9, at 13.

Under the Agreement, the prevailing party is entitled to recover reasonable attorneys' fees and costs incurred in that action.[28] HatchWorks is plainly the prevailing party and, having reviewed counsels' invoices, the Court concludes the work was incurred in connection with this action. The amounts HatchWorks seeks to recover, $10,789.91 in attorneys' fees and $493.25 in expenses, are reasonable.

HatchWorks suggests that a hearing may be required on this aspect of its claim for damages.[29] It is true that the Eleventh Circuit has indicated that a hearing is required before a court may enter an award of attorneys' fees under O.C.G.A. § 13-6-11. *Giovanno v. Fabec*, 804 F.3d 1361, at 1366–67 (11th Cir. 2015) (citing *Evers v. Evers,* 277 Ga. 132 (2003); *Rice v. Grubbs,* 281 Ga. 614 (2007)). But that statute is not at issue here—HatchWorks is entitled to recover its attorneys' fees and costs under the parties' contract. *Packard-Bamberger & Co.*, 771 A.2d at 1202. The Court does, however, believe that Spring Hills should have the opportunity to challenge the reasonableness of the fees and expenses HatchWorks seeks before the entry of final judgment.

## IV. Conclusion

HatchWorks' motion for default judgment [ECF 9] is **GRANTED**. HatchWorks is entitled to entry of judgment as to liability on its claims, to

---

[28] ECF 1-1, at 14.

[29] ECF 9, at 22–24.

$561,324.11 in contract damages, and to $171,442.53 in pre-judgment interest. HatchWorks will also be entitled to post-judgment interest on the total damages award entered by the Court.

No later than October 30, 2023, Spring Hills is **ORDERED** to **SHOW CAUSE** why the Court should not also award HatchWorks $10,789.91 in attorneys' fees and $493.25 in expenses consistent with this Order. The Court will determine based on Spring Hills' response, if any, whether an evidentiary hearing on HatchWorks' attorneys' fees claim is necessary. HatchWorks is **DIRECTED** to **SERVE** this Order on Spring Hills in a manner consistent with those methods prescribed in Fed. R. Civ. P. 4(h) **within 7 days**.

**SO ORDERED** this 25th day of September, 2023.

Steven D. Grimberg
United States District Court Judge